

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Brandon L. Farrow vs. Sharron Smith |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hamilton County Circuit Court, Tennessee |
| **Case/Reference No:** | 14C1291 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 11/12/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Department of Commerce and Insurance on 11/06/2014 |
| **How Served:** | Certified Mail |
| Sender Information: | Danny R Ellis<br>423-697-4529 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# Exhibit A

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

November 6, 2014

Liberty Mutual Insurance Company                    Certified Mail
2908 Poston Avenue, % C S C                          Return Receipt Requested
Nashville, TN  37203                                 7012 3460 0002 8945 7468
NAIC # 23043                                         Cashier # 18201

Re:    Brandon L. Farrow  V.  Liberty Mutual Insurance Company

       Docket # 14C1291

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served November 6, 2014, on your behalf in connection with
the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hamilton County
    625 Georgia Avenue, Rm 500
    Chattanooga, Tn  37402

*Serve*

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

Brandon L. Farrow,　　　　　　　　*

　　　　　　　　　　　　　　　　*

　　　Plaintiff,　　　　　　　　*　　　Docket No. 14C1291

　　　　　　　　　　　　　　　　*

vs　　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　*　　　Division:

Sharron Smith and Liberty Mutual Group,　*

Inc d/b/a Liberty Mutual Insurance,　　*　　　JURY DEMANDED

　　　　　　　　　　　　　　　　*

　　　Defendants.　　　　　　　*

　　　　　　　　　　　　　　　　*

## SUMMONS

TO: Liberty Mutual Group, Inc d/b/a　　SERVE TO: Commissioner of Insurance
　　Liberty Mutual Insurance　　　　　　　　　500 James Robertson Parkway
　　175 Berkeley Street　　　　　　　　　　　　Davy Crockett Tower
　　Boston, MA 02116　　　　　　　　　　　　　Nashville, TN 37243

　　　You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

　　　ATTESTED TO and issued this 31st day of October , 2014.

　　　　　　　　　　　　By: N. Novkov
　　　　　　　　　　　　　　　　　Deputy Clerk

ATTORNEYS FOR PLAINTIFF Massey & Associates, PC

　　　　　　　1024 ML King Blvd., Chattanooga, TN 37403
　　　　　　　　　　　　　　Address

PLAINTIFF'S ADDRESS c/o Massey & Associates, PC

　　　Received this _____ day of _____. 2014.

　　　　　　　　　　　/S/_____

　　　　　　　　　　　　　　Deputy Sheriff

## OFFICER'S RETURN

I certify that I served this summons together with the complaint as follows:

_____ On _____, 20___, I delivered a copy of the summons and complaint to the

defendant, _____

_____

_____

personally at _____ residence at _____

_____

personally at _____ place of employment _____

_____

_____ Failed to serve this summons within 30 days after its issuance because:

_____

_____

_____
Deputy Sheriff

## NOTICE TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Check One: ☒ CIRCUIT COURT  ☐ CHANCERY COURT  DOCKET NO. _____

Date 10/31/2014

Attorney of Record Danny R. Ellis

I.  **Origin (Check One)**
☒ Original Proceeding  ☐ Case Reopened  ☐ Counter-claim  ☐ Cross-claim
☐ 3rdParty Claim  ☐ Intervening Claim  ☐ Other (Specify) _____

II.  **TYPE OF SUIT (CHECK ONE)**

**DOMESTIC RELATIONS**
☐ 361 Paternity  ☐ 362 Legitimation  ☐ 363 Adoption
☐ 371 Divorce  ☐ 381 Order Of Protection
☐ 391 Reciprocal Support – Incoming  ☐ 392 Reciprocal Support – Outgoing
☐ 401 Other Domestic Relations (Specify) _____

**GENERAL CIVIL**
☐ 461 Contract/Debt  ☐ 462 Specific Performance  ☐ 512 General Sessions Appeal  ☐ 513 Appeal From Admin. Hearing
☒ 471 Damages/Torts  ☐ 481 Real Estate Matter  ☐ 572 Guardianship  ☐ 573 Trust
☐ 491 Workers Compensation  ☐ 511 Juvenile Court appeal
☐ 501 Probate  ☐ 571 Conservatorship
☐ 581 Miscellaneous General Civil (Specify) _____

Other ☐ 541 Judicial Hospitalization

**PETITION FOR: (REOPENED CASES)**
☐ 382 Contempt  ☐ 383 Custody/Visitation/Child Support  ☐ 387 Wage Assignment Hearing

Other ☐ 551 Other

III.  Total amount sued for $500,000.00
Specify type of damages or relief sought _____
Statutory authority for suit, if any _____

IV.  Check one, ☐ Affidavit to Proceed in Forma Pauperis  ☒ Cost Bond Surety Massey + Associates

V.  JURY DEMAND (Check Yes Only If Demanded In Complaint) ☒ Yes  ☐ No

VI.  RELATED CASES (If Any) Docket # _____  Judge _____
Date Filed _____  Status _____

VII.  **PLAINTIFF/ PETITIONER INFORMATION (List Additional Parties On Supplemental Form)**

1. Name Farrar                    Brandon                    L.
         LAST                     FIRST                      MIDDLE

☐ AKA ☐ DBA ☐ BNF
S.S. # XXX -XX- ▇▇▇▇  DOB ▇▇▇▇▇  Drivers License # _____

ATTORNEY Danny R. Ellis

COMPANY NAME 6223 Hidden Way
ADDRESS Massey + Associates, PC  1054 ML King Blvd
ADDRESS Harrison          TN          37341
CITY              STATE       ZIP CODE
ADDRESS Chattanooga        TN          37403
CITY              STATE       ZIP CODE

EMPLOYER
PHONE 423-697-4529

ADDRESS
BOARD OF PROFESSIONAL RESPONSIBILITY # 020747

CITY              STATE       ZIP

VIII.  **DEFENDANT/ RESPONDENT INFORMATION (List Additional Parties On Supplemental Form)**

1. Name Smith                    Sharron
         LAST                     FIRST                      MIDDLE

☐ AKA ☐ DBA ☐ BNF
S.S. # _____-__-_____  DOB ▇▇▇▇ 49  Drivers License # _____

COMPANY NAME 2516 Overbrook Drive
ADDRESS                              ATTORNEY
Rossville          GA          30741
CITY              STATE       ZIP
ADDRESS                              ADDRESS

                                     CITY        STATE      ZIP

EMPLOYER                             PHONE

ADDRESS                              BOARD OF PROFESSIONAL RESPONSIBILITY #
                                     ☐ Publication (specify) _____
CITY         STATE     ZIP          ☒ Other (specify) attorney will serve

**TYPE OF SERVICE REQUIRED (Check One)**     Special Instructions _____
☐ Out of County Sheriff _____
☐ Local Sheriff
☐ Comm. Of Ins.

IX.  **ASSOCIATED PARTY (Uninsured Motorist Carrier) INFORMATION**

1. Name Liberty Mutual
ADDRESS 175 Berkeley Street
Boston            MA          02116
CITY              STATE       ZIP

Type Of Service (specify) Commissioner Of Insurance
Are additional plaintiffs or defendants listed on a separate sheet? ☒ YES  ☐ NO

# SUPPLEMENTAL
## CIVIL CASE COVER SHEET
### ADDITIONAL PARTIES INFORMATION

Check One    ☐ Plaintiff / Petitioner       Check One    ☐ Plaintiff / Petitioner    DOCKET NO.
                ☒ Defendant / Respondent                        ☐ Defendant / Respondent
                ☐ Associated Party                        ☐ Associated Party

**NAME** Liberty Mutual Group, Inc.
LAST       FIRST       MIDDLE

**NAME** _____
LAST       FIRST       MIDDLE

☐ aka
☒ dba   Liberty Mutual Insurance
☐ bnf

☐ aka
☐ dba
☐ bnf

COMPANY NAME   175 Berkeley Street

ADDRESS
Boston     MA     02116
CITY       STATE       ZIP

COMPANY NAME

ADDRESS
CITY       STATE       ZIP

EMPLOYER

ADDRESS
CITY       STATE       ZIP

EMPLOYER

ADDRESS
CITY       STATE       ZIP

ATTORNEY

ADDRESS
CITY       STATE       ZIP

ATTORNEY

ADDRESS
CITY       STATE       ZIP

PHONE

**TYPE OF SERVICE REQUIRED** (check one)
☐ Personal (local sheriff)
☒ Out of county sheriff
    County Name   Davidson
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify)
☐ Other (specify)
☐ Special Instructions _____

PHONE

☐ Personal (local sheriff)
☐ Out of county sheriff
    County Name _____
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify)
☐ Other (specify) _____
☐ Special Instructions _____

---

Check one:    ☐ Plaintiff / Petitioner       Check one:    ☐ Plaintiff / Petitioner    DOCKET NO. _____
               ☐ Defendant / Respondent                     ☐ Defendant / Respondent
               ☐ Associated Party                       ☐ Associated Party

**NAME** _____
LAST       FIRST       MIDDLE

**NAME** _____
LAST       FIRST       MIDDLE

☐ aka
☐ dba
☐ bnf

☐ aka
☐ dba
☐ bnf

COMPANY NAME

ADDRESS
CITY       STATE       ZIP

COMPANY NAME

ADDRESS
CITY       STATE       ZIP

EMPLOYER

ADDRESS
CITY       STATE       ZIP

EMPLOYER

ADDRESS
CITY       STATE       ZIP

ATTORNEY

ADDRESS
CITY       STATE       ZIP

ATTORNEY

ADDRESS
CITY       STATE       ZIP

PHONE

**TYPE OF SERVICE REQUIRED** (check one)
☐ Personal (local sheriff)
☐ Out of county sheriff
    County Name _____
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify)_____
☐ Other (specify)_____
☐ Special Instructions _____

PHONE

☐ Personal (local sheriff)
☐ Out of county Sheriff
    County Name _____
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify) _____
☐ Other (specify) _____
☐ Special Instructions _____

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| BRANDON L. FARROW, | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   No.: 14C1291 |
| | )   JURY DEMANDED |
| SHARRON SMITH and LIBERTY MUTUAL | ) |
| GROUP, INC. d/b/a/ LIBERTY MUTUAL | ) |
| INSURANCE. | ) |

## COMPLAINT

Brandon L. Farrow hereby sues the defendants Sharron Smith and Liberty Mutual Group, Inc.

(hereinafter Liberty) for harms and losses arising out of an automobile collision. For his cause of action,

Mr. Farrow states the following.

I.

Mr. Farrow is a resident of Harrison, Tennessee. Upon information and belief, defendant

Sharron Smith is a resident of Rossville, Georgia. Defendant Liberty is a foreign corporation authorized

to do business in the State of Tennessee with Corporation Service Company, 2908 Poston Avenue,

Nashville, TN 37203 as its registered agent of service.

II.

On or about, August 28, 2013, defendant Smith was driving a 1998 Nissan Sentra insured by

Defendant Liberty. Defendant Smith was traveling South on Rossville Blvd. Construction crews were

working on Rossville Boulevard and had placed appropriate warning markers to alert drivers. Defendant

Smith was driving too fast for the road condicitons and was unable to stop when traffic slowed in front

of her. Defendant Smith rear-ended a vehicle. The force of the collision propelled that vehicle forward

into the rear Mr. Farrow's car. The defendant Smith's actions are 100 percent the cause of this collision.

III.

Traffic laws have been established by the State of Tennessee to protect people on the

road. A driver must not needlessly endanger drivers on the road by failing to follow

Tennessee Safety Traffic Laws.

IV.

All drivers have a duty to exercise due care to protect people on the road. All drivers have a duty

to operate their automobile as ordinary and prudent people would to protect other people on the road.

Defendant violated these rules.

V.

Drivers must obey the traffic safety law when approaching traffic in front of them to protect

other people on the road. A driver must always keep her automobile under control to protect other

people on the road. A driver must pay attention and be aware of other automobiles on the road. A

driver must stop her automobile before crashing into an automobile stopped in traffic to protect other

people on the road. Defendant's violation of these rules constitutes negligence.

VI.

In causing the crash, defendant is guilty of common law negligence. Among the specific acts of

negligence on the part of defendant were:

(1)     Failure to keep a proper lookout;

(2)     Failure to operate the vehicle as an ordinary and prudent person would have under
existing traffic conditions;

(3)     Failure to keep the vehicle under proper control;

(4)     Failure to keep a safe distance between her and the automobile in front of her;

(5)     Failure to stop her vehicle before striking the rear of the automobile in front of her;

(6)     Failure to make any reasonable effort to avoid the collision.

Defendant's acts of common law negligence are 100 percent the cause of Mr. Farrow's harms and losses. Defendant is 100 percent at fault for the crash and 100 percent at fault for Mr. Farrrow's harms and losses.

## VII.

Defendant is guilty of violating the following statutes which constitute negligence per se:

(a)     T.C.A. § 55-8-103         Required obedience to traffic laws;

(b)     T.C.A. § 55-8-124         Following too closely;

(c)     T.C.A. § 55-8-136         Drivers to exercise due care;

(d)     T.C.A. § 55-10-205        Reckless Driving;

Defendant's violation of these statutes constitutes negligence per se and caused the crash and this violation caused the crash and Mr. Farrow's harms and losses. Defendant is 100 percent at fault the crash and 100 percent at fault for Mr. Farrow's harms and losses.

## VIII.

As a direct and proximate result of the carelessness, recklessness and negligence of Defendant Smith, Mr. Farrow has suffered severe bodily injuries including a low back pain with a herniated disc. Generally, Mr. Farrow suffered the following harms and losses:

(1)    Severe and permanent injuries to his body, past and future;

(2)    Pain, mental anguish and suffering, past and future;

(3)    Medical and hospital expenses, past and future;

(4)    Loss of the enjoyment of life, past and future;

(5)    Lost wages, past and future

These harms and losses were suffered as a direct and proximate result of the negligence of defendant. Mr. Farrow seeks fair, just and reasonable compensation from defendant in the amount of five hundred thousand dollars ($500,000.00). Defendant Smith's negligence is 100 percent the direct and proximate cause of Mr. Farrow's harms and losses.

IX.

Mr. Farrow spoke with employees of Defendant Liberty regarding the crash and Mr. Farrow's harms and losses. On several occasions, the employees of Defendant Liberty assured that compensation was in the mail to compensate Mr. Farrow for his lost income and bodily injuries. When the money did not show, Mr. Farrow would call back to Defendant Liberty. Defendant Liberty repeatedly informed Mr. Farrow that that claim was being adjusted and money was being sent to him directly.

X.

Mr. Farrow was requested to submit lost wage information, treatment information and medical costs to Defendant Liberty. These requests continued after August 23, 2014. In addition, Defendant

Liberty engaged in a pattern and practice to lead Mr. Farrow that the claim was being handled and would be resolved past the statute of limitations date. After August 23, 2014, once the statute of limitations had run, Defendant Liberty informed Mr. Farrow that the claim would not be paid. Defendant Liberty engaged in fraud and bad faith practices to lure Mr. Farrow into not pursuing a claim by filing a lawsuit until after the statute of limitations ran.

XI.

Defendant Smith purchased insurance from Defendant Liberty to provide coverage for Defendant Smith's negligent acts. Defendant Liberty became the agent of Defendant Smith so any acts committed by Defendant Liberty or its employees are attributable to Defendant Smith. Mr. Farrow should be able to pursue his lawsuit against Defendant Smith through the doctrine of estoppel, fraud and bad faith.

XII.

As a direct and proximate result of the defendant Liberty's acts, Mr. Farrow suffered the following harms and losses that were available to him in an action against Defendant Smith:

(1)     Severe and permanent injuries to his body, past and future;

(2)     Pain, mental anguish and suffering, past and future;

(3)     Medical and hospital expenses, past and future;

(4)     Loss of the enjoyment of life, past and future;

(5)     Lost wages, past and future

Mr. Farrow seeks fair, just and reasonable compensation from defendant Liberty in the amount of five hundred thousand dollars ($500,000.00). Defendant's negligence and any penalties associated with bad faith as a result of Defendant Liberty's actions.

WHEREFORE, Mr. Farrow demands a judgment against defendants in the total amount of five hundred thousand dollars ($500,000.00), including pre-judgment and post judgment interest and DEMANDS A JURY to try the issues when joined.

MASSEY & ASSOCIATES, PC

By: _____

Gary Massey, Jr. BPR No.: 19490
Danny R. Ellis BPR No.: 20747
1024 E ML King Blvd
Chattanooga, TN 37403
Phone: (423) 697-4529
Fax: (423) 634-8886
Attorney for Plaintiff

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14C 1291 |
| | * | |
| vs | * | Division: |
| | * | |
| Sharron Smith and Liberty Mutual Group, | * | JURY DEMANDED |
| Inc d/b/a Liberty Mutual Insurance, | * | |
| | * | |
| Defendants. | * | |
| | * | |

*FILED IN OFFICE*
*2014 OCT 31 PM 2:53*
*LARRY L. HENRY, CLERK*
*BY ___ DC*

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of non-discretionary costs in this Court, which may at any time be adjudged against the plaintiffs in the event plaintiffs shall not pay them.

Witness my hand this 31st day of October_____, 2014

_____
Surety, Danny R. Ellis 20747

_1024 E M L King Blvd_
Address

_Chattanooga, TN 37403_
City, State, Zip Code

_(423)697-4529   FAX(423)634-8886_
Telephone

*(Surety on a bond for costs shall not be released from the obligation as surety until there is a provision for a substitute surety)*

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

|  |  |  |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| **Plaintiff,** | * | Docket No. 14C1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | **JURY DEMANDED** |
| | * | |
| **Defendants.** | * | |
| | * | |

## NOTICE OF SERVING WRITTEN DISCOVERY

Brandon L. Farrow, by and through counsel, gives notice that he has served his First Set

of Interrogatories, Request for Production of Documents and Expert Interrogatories to the

defendant Sharron Smith with the Summons and Complaint.

Respectfully submitted,

MASSEY & ASSOCIATES, PC

By_____

Danny R. Ellis BPR No.: 20747
1024 E ML King Blvd
Chattanooga, TN 37403
Phone: (423) 697-4529
Fax: (423) 634-8886
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

> Sharron Smith and Liberty Mutual Group, Inc d/b/a Liberty
> Mutual Insurance
> Via Summons & Complaint

This ___31___ day of ___Oct___, 2014.

MASSEY & ASSOCIATES, PC

By: _____
Danny R. Ellis

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14C1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | JURY DEMANDED |
| | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT SHARRON SMITH

TO:   Sharron Smith
       Via the summons and complaint

Come now the plaintiffs by and through counsel, and pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, propounds the following Interrogatories to be answered within the time allowed by law.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the plaintiffs within fifteen (15) days from receipt of such additional information, but not later than the time of trial.

# **INTERROGATORIES**

1. State your full name, (and any other names by which you have been known), all residence addresses you have had in the past ten (10) years, your social security number and your date of birth.

       ANSWER:

2. List the number and state of issuance of any and all driver's licenses ever held by or issued to you, including but not limited to your current driver's license, and for each such license, describe any and all restrictions, limitations, suspensions and/or revocations ever issued or applied thereto.

       ANSWER:

3. Identify by name, last known residence address, telephone number and employer, all individuals to whom you have ever been married, including but not limited to your current spouse, and state the date and location of each marriage, the reason for the termination of any marriages, the date, style, court and docket number of all suits for divorce, and the identity by name, date of birth and current residence address any and all of your parents, brothers, sisters, nieces and nephews that reside in Hamilton County, Tennessee.

       ANSWER:

4. Have you ever received examination or treatment of any sort, whether medical, psychological, or group therapy support, (for example, Alcoholics Anonymous, Al-Anon) for alcoholism or any alcohol-related illnesses or behavioral problems suffered by you? If so, identify each and every course of examination and treatment by the recipient of said examination or treatment, the name, address and telephone number of the health care provider, date of examination and/or treatment, type of examination and/or treatment, reason for seeking treatment, and reason for discharge from or cessation of treatment.

ANSWER:

5. Have you ever been charged with or convicted or any crime? If so, identify the date, place, arresting agency (for example, Chattanooga Police Department), identify the charges made against you, the court which handled each charge and the docket number of each case and describe the outcome or sentence for each charge.

ANSWER:

6. Have you ever been a party to any litigation other than those described in response to Interrogatory No's 3 or 6 above, whether criminal or civil, as plaintiff or defendant? If so, for each such litigation, state the style of the case, the jurisdiction and court in which it was filed, the date it was filed, describe the nature of the lawsuit, your involvement in it, and its outcome.

ANSWER:

7. During the twenty-four (24) hour period immediately preceding the motor vehicle collision in which you were involved, had you consumed any alcohol and/or drugs or medications including insulin (whether prescription, over-the-counter, legal or illegal)? If so, for each and every such drink, drug and medication, state the name of the substance consumed, the dosage or amount consumed, the place and times at or within which consumed, the reasons for the consumption, the physical effects of the consumption, and the identity by name, address and telephone number of all people who witnessed said consumption and all prescribing physicians.

ANSWER:

8. Describe in as much detail as possible any and all field sobriety tests and/or Blood Alcohol Tests (whether breathalyzer, blood or urine test) administered to you during the eight (8) hours immediately following this wreck, including but not limited to, who administered the test, how, where and when it was administered, the results of each such test, and if you dispute the results of any such test, your reasons therefor.

ANSWER:

9. Describe any and all mechanical problems you were experiencing with your vehicle at the time of and immediately before this collision.

ANSWER:

10. Describe all prior and subsequent motor vehicle collisions in which you have been involved as a driver, including date and place of occurrence, name of all other drivers involved, the identity of any investigating agency or police department, and a brief description of how the wreck happened.

ANSWER:

11. Describe any and all physical or mental conditions you had which were affecting your driving in any way at the time of this wreck and the time of onset of any such condition.

ANSWER:

12. Describe the damage done to the automobile you were driving at the time of this wreck, and state whether said damage was repaired, if so, by whom and at what cost, and if not, why not.

ANSWER:

13. Were you the owner of the vehicle you were driving at the time of this wreck? If so, please state the date you purchased your vehicle as well as the identity of the person or entity from which you purchased this vehicle. Provided you were not the sole owner of the automobile you were driving at the time of the wreck, please identify the name, address and telephone number of the owner or co-owner of this vehicle other than yourself and your relationship to the owner(s) and whether you had permission to drive the vehicle at the time of the wreck.

ANSWER:

14. Do you claim that the plaintiff is at fault, wholly or partially, for this wreck? If so, state the name, address, and general description of the alleged negligent third parties and the basis for your allegation(s) as well as identify any evidence which you have which supports your allegation(s) of third party negligence.

ANSWER:

15. Do you claim that any third parties are at fault, wholly or partially, for this wreck? If so, state the name, address, and general description of the alleged negligent third parties and the basis for your allegation(s) as well as identify any evidence which you have which supports your allegation(s) of third party negligence.

ANSWER:

16. List the name, address, business address and telephone number of all persons with knowledge that might lead to discoverable information regarding the incident described in the complaint.

ANSWER:

17. Please state the names, addresses, telephone numbers, place of employment, job titles or capacities, and present whereabouts of all agents, servants, employees, representatives, private investigators or others who made any investigation of the events complained of in this case on your behalf.

ANSWER:

18. Please identify all evidence which you allege supports a defense that plaintiff or a third party was guilty of any comparative fault. If none exists, please so state.

ANSWER:

19. Identify by name, address, telephone number and place of employment, each and

every witness who was present at the scene of the wreck at or near the time of the collision.

ANSWER:

20. Identify the type of cell phone, carrier, number, and type of phone plan on the date of wreck.

ANSWER:

Respectfully submitted,

**MASSEY & ASSOCIATES, PC**

By_____

Danny R. Ellis BPR No.: 20747
1024 E ML King Blvd
Chattanooga, TN 37403
Phone: (423) 697-4529
Fax: (423) 634-8886
Attorney for Plaintiff

# VERIFICATION PAGE

_____
**Sharron Smith**

STATE OF TENNESSEE    )
COUNTY OF HAMILTON  )


      Sharron Smith, personally appeared before me this _____, day of

_____, _____, the above party, to me personally known, who being first duly

sworn according to the law, made oath that the answers to the foregoing interrogatories are true

and correct to the best of his/her knowledge, information and belief.



_____
NOTARY PUBLIC

My Commission Expires:_____

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Sharron Smith
Via Summons & Complaint

This 31ˢᵗ day of October , 2014 .

MASSEY & ASSOCIATES, PC

By: _____
Danny R. Ellis

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14C 1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | **JURY DEMANDED** |
| | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO
## DEFENDANT SHARRON SMITH

TO:    Sharron Smith
      Via the summons and complaint

Come now the plaintiffs by and through counsel, and pursuant to Rules 26, 33 and 34 of the <u>Tennessee Rules of Civil Procedure,</u> propounds the following Requests for Production to be answered within the time allowed by law.

These Requests for Production shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the plaintiffs within fifteen (15) days from receipt of such additional information, but not later than the time of trial.

## REQUEST FOR PRODUCTION

    1. Any and all documents which you identified in the preceding interrogatories, and please indicate for each document to which interrogatory it relates.

    RESPONSE:


    2. Copies of any reports, records or other documents from any hospitals, doctors, or other healthcare providers concerning any examinations or treatment of the plaintiff <u>prior to or after</u> the date of the collision which is the subject of this lawsuit.

    RESPONSE:


    3. Copy of any damage appraisal and/or repair invoice made of any of the vehicles involved in the collision which is the subject of this lawsuit.

    RESPONSE:


    4. Copies of any and all statements previously made or adopted by plaintiff concerning the subject matter of this lawsuit.

    RESPONSE:


    5. Any and all photographs, drawings, maps or sketches, of the scene of the collision or of the vehicles involved in the collision which is the subject of this lawsuit.

    RESPONSE:

6. A copy of any surveillance movies or photographs which have been made of plaintiff.

RESPONSE:


7. Please produce a complete copy of all insurance policies (including declarations pages, policy forms, insurance a applications and all applicable endorsements) issued by each and every insurance company (including primary, secondary, excess or umbrella insurers) which may be called upon to pay any judgment or settlement in this case.

RESPONSE:


Respectfully submitted,

MASSEY & ASSOCIATES, PC

By_____
   Danny R. Ellis BPR No.: 20747
   1024 E ML King Blvd
   Chattanooga, TN 37403
   Phone: (423) 697-4529
   Fax:    (423) 634-8886
   Attorney for Plaintiff

# VERIFICATION PAGE

_____
**Sharron Smith**

STATE OF TENNESSEE )
COUNTY OF HAMILTON )

Sharron Smith personally appeared before me this _____, day of

_____, _____, the above party, to me personally known, who being first duly

sworn according to the law, made oath that the answers to the foregoing interrogatories are true

and correct to the best of his/her knowledge, information and belief.

_____
NOTARY PUBLIC

My Commission Expires:_____

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Sharron Smith
Via Summons & Complaint

This _31_ day of _October_, _2014_.

MASSEY & ASSOCIATES, PC

By: _____
Danny R. Ellis

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14C1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | JURY DEMANDED |
| | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFF'S FIRST SET OF EXPERT INTERROGATORIES
## TO DEFENDANT SHARRON SMITH

TO:    Sharron Smith
       Via the summons and complaint

Come now the plaintiffs by and through counsel, and pursuant to Rules 26, 33 and 34 of the <u>Tennessee Rules of Civil Procedure,</u> propounds the following Expert Interrogatories to be answered within the time allowed by law.

These Expert Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the plaintiffs within fifteen (15) days from receipt of such additional information, but not later than the time of trial.

## EXPERT INTERROGATORIES

1.    Please identify each person whom you expect to call as an expert witness at the trial in this matter.

RESPONSE:


    2.       Please state the subject matter on which the expert is expected to testify.

RESPONSE:


    3.       Please state the substance of the facts and opinions to which the expert is expected

to testify.

RESPONSE:


    4.       Please state a summary of the grounds for each opinion the expert is expected to

testify.

RESPONSE:


    5.       For each expert please list all information provided to or accessed by each individual

expert.

RESPONSE:


                 Respectfully submitted,

                 MASSEY & ASSOCIATES, PC

                 By
                   Danny R. Ellis BPR No.: 20747
                   1024 E ML King Blvd
                   Chattanooga, TN 37403
                   Phone:  (423) 697-4529
                   Fax:    (423) 634-8886
                   Attorney for Plaintiff

# VERIFICATION PAGE

_____
**Sharron Smith**

STATE OF TENNESSEE    )
COUNTY OF HAMILTON )


    Sharron Smith personally appeared before me this _____, day of

_____, _____, the above party, to me personally known, who being first duly

sworn according to the law, made oath that the answers to the foregoing interrogatories are true

and correct to the best of his/her knowledge, information and belief.


_____
NOTARY PUBLIC

My Commission Expires:_____

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Sharron Smith
Via Summons & Complaint

This 31ˢᵗ day of October , 2014 .

MASSEY & ASSOCIATES, PC

By: _____
Danny R. Ellis

*Return*

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

Brandon L. Farrow,                      *
                                        *
    Plaintiff,                          *      Docket No. 14C1291
                                        *
vs                                      *
                                        *      Division:
Sharron Smith and Liberty Mutual Group, *
Inc d/b/a Liberty Mutual Insurance,     *      JURY DEMANDED
                                        *
    Defendants.                         *
                                        *

*FILED IN OFFICE 2014 OCT 31 PM 2: 54 LARRY L. HENRY, CLERK DC*

## SUMMONS

TO: Liberty Mutual Group, Inc d/b/a      SERVE TO: Commissioner of Insurance
    Liberty Mutual Insurance                       500 James Robertson Parkway
    175 Berkeley Street                            Davy Crockett Tower
    Boston, MA 02116                               Nashville, TN 37243

    You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

ATTESTED TO and issued this 31st day of _October_, 2014.

          By: ___A. Novkov___
                      Deputy Clerk

ATTORNEYS FOR PLAINTIFF  Massey & Associates, PC

        1024 ML King Blvd., Chattanooga, TN 37403
                     Address

PLAINTIFF'S ADDRESS  c/o Massey & Associates, PC

    Received this _____ day of _____. 2014.

           /S/_____

              Deputy Sheriff

## OFFICER'S RETURN

I certify that I served this summons together with the complaint as follows:

_____ On _____, 20___, I delivered a copy of the summons and complaint to the

defendant, _____

_____

_____

personally at _____ residence at _____

_____

personally at _____ place of employment _____

_____

_____ Failed to serve this summons within 30 days after its issuance because:

_____

_____

_____
Deputy Sheriff

### NOTICE TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# CIVIL CASE COVER SHEET

Check One: ☒ CIRCUIT COURT    ☐ CHANCERY COURT    DOCKET NO. _____

Date 10/31/2014    Attorney of Record Danny R. Ellis

**I.    Origin (Check One)**

☒ Original Proceeding    ☐ Case Reopened    ☐ Counter-claim    ☐ Cross-claim
☐ 3rdParty Claim    ☐ Intervening Claim    ☐ Other (Specify) _____

**II.    TYPE OF SUIT (CHECK ONE)**

**DOMESTIC RELATIONS**

☐ 361 Paternity    ☐ 362 Legitimation    ☐ 363 Adoption
☐ 371 Divorce    ☐ 381 Order Of Protection
☐ 391 Reciprocal Support – Incoming    ☐ 392 Reciprocal Support – Outgoing
☐ 401 Other Domestic Relations (Specify) _____

**GENERAL CIVIL**

☐ 461 Contract/Debt    ☐ 462 Specific Performance    ☐ 512 General Sessions Appeal    ☐ 513 Appeal From Admin. Hearing
☒ 471 Damages/Torts    ☐ 481 Real Estate Matter    ☐ 572 Guardianship    ☐ 573 Trust
☐ 491 Workers Compensation    ☐ 511 Juvenile Court appeal
☐ 501 Probate    ☐ 571 Conservatorship
☐ 581 Miscellaneous General Civil (Specify) _____

**Other**    ☐ 541 Judicial Hospitalization

**PETITION FOR: (REOPENED CASES)**

☐ 382 Contempt    ☐ 383 Custody/Visitation/Child Support    ☐ 387 Wage Assignment Hearing
**Other**    ☐ 551 Other

**III.**    Total amount sued for $ 500,000.00
Specify type of damages or relief sought _____
Statutory authority for suit, if any _____

**IV.**    Check one, ☐ Affidavit to Proceed in Forma Pauperis    ☒ Cost Bond Surety Massey + Associates

**V.    JURY DEMAND** (Check Yes Only If Demanded In Complaint) ☒ Yes    ☐ No

**VI.    RELATED CASES** (If Any) Docket # _____    Judge _____
Date Filed _____    Status _____

**VII.    PLAINTIFF / PETITIONER INFORMATION** (List Additional Parties On Supplemental Form)

1. Name    Farrow (LAST)    Brandon (FIRST)    L (MIDDLE)

☐ AKA ☐ DBA ☐ BNF
S.S. # XXX-XX-▓▓▓    DOB ▓▓▓▓▓▓ 86    Drivers License # _____

COMPANY NAME 6228 Hidden Way    **ATTORNEY** Danny R. Ellis
ADDRESS Harrison    TN    37341    Massey + Associates, PC  1024 Mt. King Blvd
CITY    STATE    ZIP CODE    ADDRESS
    CITY Chattanooga    STATE TN    ZIP CODE 37403
EMPLOYER    PHONE 423-697-4529
ADDRESS    020747
    BOARD OF PROFESSIONAL RESPONSIBILITY #
CITY    STATE    ZIP

**VIII.    DEFENDANT/ RESPONDENT INFORMATION** (List Additional Parties On Supplemental Form)

1. Name    Smith (LAST)    Sharron (FIRST)    (MIDDLE)

☐ AKA ☐ DBA ☐ BNF
S.S. # - -    DOB ▓▓▓▓ 49    Drivers License # _____

COMPANY NAME 256 Overbrook Drive    ATTORNEY _____
ADDRESS Rossville    GA    30741    ADDRESS _____
CITY    STATE    ZIP    CITY    STATE    ZIP
EMPLOYER    PHONE _____
ADDRESS    BOARD OF PROFESSIONAL RESPONSIBILITY # _____
    ☐ Publication (specify) _____
    ☒ Other (specify) attorney will serve
CITY    STATE    ZIP    Special Instructions _____

**TYPE OF SERVICE REQUIRED** (Check One)
☐ Out of County Sheriff _____
☐ Local Sheriff.
☐ Comm. Of Ins.

**IX.    ASSOCIATED PARTY** (Uninsured Motorist Carrier) INFORMATION

1. Name    Liberty Mutual
ADDRESS    175 Berkeley Street
CITY Boston    STATE MA    ZIP 02116
Type Of Service (specify) Commissioner Of Insurance    ☒ YES    ☐ NO
Are additional plaintiffs or defendants listed on a separate sheet?    ☒ YES    ☐ NO

# SUPPLEMENTAL
## CIVIL CASE COVER SHEET
### ADDITIONAL PARTIES INFORMATION

| Check One | ☐ Plaintiff / Petitioner |
|---|---|
| | ☒ Defendant / Respondent |
| | ☐ Associated Party |

NAME _Liberty Mutual Group Inc._
LAST — FIRST — MIDDLE

☐ aka
☒ dba
☐ bnf _Liberty Mutual Insurance_

COMPANY NAME
ADDRESS _175 Berkeley Street_
CITY _Boston_  STATE _MA_  ZIP _02116_

EMPLOYER
ADDRESS
CITY  STATE  ZIP

ATTORNEY
ADDRESS
CITY  STATE  ZIP

PHONE

**TYPE OF SERVICE REQUIRED (check one)**
☐ Personal (local sheriff)
☒ Out of county sheriff
  County Name _Davidson_
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify)
☐ Other (specify)
☐ Special Instructions

---

| Check One | ☐ Plaintiff / Petitioner | DOCKET NO. ___ |
|---|---|---|
| | ☐ Defendant / Respondent | |
| | ☐ Associated Party | |

NAME
LAST — FIRST — MIDDLE

☐ aka
☐ dba
☐ bnf

COMPANY NAME
ADDRESS
CITY  STATE  ZIP

EMPLOYER
ADDRESS
CITY  STATE  ZIP

ATTORNEY
ADDRESS
CITY  STATE  ZIP

PHONE

☐ Personal (local sheriff)
☐ Out of county sheriff
  County Name ___
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify)
☐ Other (specify) ___
☐ Special Instructions ___

---

| Check one: | ☐ Plaintiff / Petitioner |
|---|---|
| | ☐ Defendant / Respondent |
| | ☐ Associated Party |

NAME
LAST — FIRST — MIDDLE

☐ aka
☐ dba
☐ bnf

COMPANY NAME
ADDRESS
CITY  STATE  ZIP

EMPLOYER
ADDRESS
CITY  STATE  ZIP

ATTORNEY
ADDRESS
CITY  STATE  ZIP

PHONE

**TYPE OF SERVICE REQUIRED (check one)**
☐ Personal (local sheriff)
☐ Out of county sheriff
  County Name ___
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify) ___
☐ Other (specify) ___
☐ Special Instructions ___

---

| Check one: | ☐ Plaintiff / Petitioner | DOCKET NO. ___ |
|---|---|---|
| | ☐ Defendant / Respondent | |
| | ☐ Associated Party | |

NAME
LAST — FIRST — MIDDLE

☐ aka
☐ dba
☐ bnf

COMPANY NAME
ADDRESS
CITY  STATE  ZIP

EMPLOYER
ADDRESS
CITY  STATE  ZIP

ATTORNEY
ADDRESS
CITY  STATE  ZIP

PHONE

☐ Personal (local sheriff)
☐ Out of county Sheriff
  County Name ___
☐ Sec. of State
☐ Comm. Of Ins.
☐ Publication (specify) ___
☐ Other (specify) ___
☐ Special Instructions ___

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| BRANDON L. FARROW, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 14C1291 |
| | ) JURY DEMANDED |
| SHARRON SMITH and LIBERTY MUTUAL | ) |
| GROUP, INC. d/b/a/ LIBERTY MUTUAL | ) |
| INSURANCE. | ) |

## COMPLAINT

Brandon L. Farrow hereby sues the defendants Sharron Smith and Liberty Mutual Group, Inc. (hereinafter Liberty) for harms and losses arising out of an automobile collision. For his cause of action, Mr. Farrow states the following.

I.

Mr. Farrow is a resident of Harrison, Tennessee. Upon information and belief, defendant Sharron Smith is a resident of Rossville, Georgia. Defendant Liberty is a foreign corporation authorized to do business in the State of Tennessee with Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203 as its registered agent of service.

II.

On or about, August 28, 2013, defendant Smith was driving a 1998 Nissan Sentra insured by Defendant Liberty. Defendant Smith was traveling South on Rossville Blvd. Construction crews were working on Rossville Boulevard and had placed appropriate warning markers to alert drivers. Defendant Smith was driving too fast for the road condicitons and was unable to stop when traffic slowed in front of her. Defendant Smith rear-ended a vehicle. The force of the collision propelled that vehicle forward into the rear Mr. Farrow's car. The defendant Smith's actions are 100 percent the cause of this collision.

III.

Traffic laws have been established by the State of Tennessee to protect people on the road. A driver must not needlessly endanger drivers on the road by failing to follow Tennessee Safety Traffic Laws.

IV.

All drivers have a duty to exercise due care to protect people on the road. All drivers have a duty to operate their automobile as ordinary and prudent people would to protect other people on the road. Defendant violated these rules.

V.

Drivers must obey the traffic safety law when approaching traffic in front of them to protect other people on the road. A driver must always keep her automobile under control to protect other people on the road. A driver must pay attention and be aware of other automobiles on the road. A driver must stop her automobile before crashing into an automobile stopped in traffic to protect other people on the road. Defendant's violation of these rules constitutes negligence.

VI.

In causing the crash, defendant is guilty of common law negligence. Among the specific acts of negligence on the part of defendant were:

(1)     Failure to keep a proper lookout;

(2)     Failure to operate the vehicle as an ordinary and prudent person would have under existing traffic conditions;

(3)     Failure to keep the vehicle under proper control;

(4)     Failure to keep a safe distance between her and the automobile in front of her;

(5)     Failure to stop her vehicle before striking the rear of the automobile in front of her;

(6)     Failure to make any reasonable effort to avoid the collision.

Defendant's acts of common law negligence are 100 percent the cause of Mr. Farrow's harms and losses. Defendant is 100 percent at fault for the crash and 100 percent at fault for Mr. Farrrow's harms and losses.

VII.

Defendant is guilty of violating the following statutes which constitute negligence per se:

(a)     T.C.A. § 55-8-103     Required obedience to traffic laws;

(b)     T.C.A. § 55-8-124     Following too closely;

(c)     T.C.A. § 55-8-136     Drivers to exercise due care;

(d)     T.C.A. § 55-10-205     Reckless Driving;

Defendant's violation of these statutes constitutes negligence per se and caused the crash and this violation caused the crash and Mr. Farrow's harms and losses. Defendant is 100 percent at fault the crash and 100 percent at fault for Mr. Farrow's harms and losses.

VIII.

As a direct and proximate result of the carelessness, recklessness and negligence of Defendant Smith, Mr. Farrow has suffered severe bodily injuries including a low back pain with a herniated disc. Generally, Mr. Farrow suffered the following harms and losses:

(1)     Severe and permanent injuries to his body, past and future;

(2)     Pain, mental anguish and suffering, past and future;

(3)     Medical and hospital expenses, past and future;

(4)     Loss of the enjoyment of life, past and future;

(5)     Lost wages, past and future

These harms and losses were suffered as a direct and proximate result of the negligence of defendant. Mr. Farrow seeks fair, just and reasonable compensation from defendant in the amount of five hundred thousand dollars ($500,000.00). Defendant Smith's negligence is 100 percent the direct and proximate cause of Mr. Farrow's harms and losses.

IX.

Mr. Farrow spoke with employees of Defendant Liberty regarding the crash and Mr. Farrow's harms and losses. On several occasions, the employees of Defendant Liberty assured that compensation was in the mail to compensate Mr. Farrow for his lost income and bodily injuries. When the money did not show, Mr. Farrow would call back to Defendant Liberty. Defendant Liberty repeatedly informed Mr. Farrow that that claim was being adjusted and money was being sent to him directly.

X.

Mr. Farrow was requested to submit lost wage information, treatment information and medical costs to Defendant Liberty. These requests continued after August 23, 2014. In addition, Defendant

Liberty engaged in a pattern and practice to lead Mr. Farrow that the claim was being handled and would be resolved past the statute of limitations date. After August 23, 2014, once the statute of limitations had run, Defendant Liberty informed Mr. Farrow that the claim would not be paid. Defendant Liberty engaged in fraud and bad faith practices to lure Mr. Farrow into not pursuing a claim by filing a lawsuit until after the statute of limitations ran.

XI.

Defendant Smith purchased insurance from Defendant Liberty to provide coverage for Defendant Smith's negligent acts. Defendant Liberty became the agent of Defendant Smith so any acts committed by Defendant Liberty or its employees are attributable to Defendant Smith. Mr. Farrow should be able to pursue his lawsuit against Defendant Smith through the doctrine of estoppel, fraud and bad faith.

XII.

As a direct and proximate result of the defendant Liberty's acts, Mr. Farrow suffered the following harms and losses that were available to him in an action against Defendant Smith:

(1)     Severe and permanent injuries to his body, past and future;

(2)     Pain, mental anguish and suffering, past and future;

(3)     Medical and hospital expenses, past and future;

(4)     Loss of the enjoyment of life, past and future;

(5)     Lost wages, past and future

Mr. Farrow seeks fair, just and reasonable compensation from defendant Liberty in the amount of five hundred thousand dollars ($500,000.00). Defendant's negligence and any penalties associated with bad faith as a result of Defendant Liberty's actions.

WHEREFORE, Mr. Farrow demands a judgment against defendants in the total amount of five hundred thousand dollars ($500,000.00), including pre-judgment and post judgment interest and DEMANDS A JURY to try the issues when joined.

MASSEY & ASSOCIATES, PC

By:

Gary Massey, Jr. BPR No.: 19490
Danny R. Ellis BPR No.: 20747
1024 E ML King Blvd
Chattanooga, TN 37403
Phone: (423) 697-4529
Fax:    (423) 634-8886
Attorney for Plaintiff

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

Brandon L. Farrow,          *
                            *
    Plaintiff,          *          Docket No. 14C1291
                            *
vs                          *          Division:
                            *
Sharron Smith and Liberty Mutual Group,   *          JURY DEMANDED
Inc d/b/a Liberty Mutual Insurance,       *
                            *
    Defendants.          *
                            *

## COST BOND

    I hereby acknowledge and bind myself for the prosecution of this action and payment of

non-discretionary costs in this Court, which may at any time be adjudged against the plaintiffs in

the event plaintiffs shall not pay them.

Witness my hand this 31st day of October_____, 2014

                    Surety, Danny R. Ellis 20747

                    1024 E M L King Blvd
                    Address

                    Chattanooga, TN 37403
                    City, State, Zip Code

                    (423)697-4529   FAX(423)634-8886
                    Telephone

*(Surety on a bond for costs shall not be released from the obligation as surety until there is a provision for a substitute surety)*

## IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14C1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | JURY DEMANDED |
| | * | |
| Defendants. | * | |
| | * | |

*FILED IN OFFICE
2014 OCT 31 PM 2:55
LARRY L. HENRY, CLERK
___ DC*

## NOTICE OF SERVING WRITTEN DISCOVERY

Brandon L. Farrow, by and through counsel, gives notice that he has served his First Set

of Interrogatories, Request for Production of Documents and Expert Interrogatories to the

defendant Sharron Smith with the Summons and Complaint.

Respectfully submitted,

MASSEY & ASSOCIATES, PC

By_____
Danny R. Ellis BPR No.: 20747
1024 E ML King Blvd
Chattanooga, TN 37403
Phone: (423) 697-4529
Fax: (423) 634-8886
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

> Sharron Smith and Liberty Mutual Group, Inc d/b/a Liberty Mutual Insurance
> Via Summons & Complaint

This _31_ day of _Oct_ , 2014.

MASSEY & ASSOCIATES, PC

By: _____
Danny R. Ellis

## IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14C1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | JURY DEMANDED |
| | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SHARRON SMITH

TO:   Sharron Smith
         Via the summons and complaint

Come now the plaintiffs by and through counsel, and pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, propounds the following Interrogatories to be answered within the time allowed by law.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the plaintiffs within fifteen (15) days from receipt of such additional information, but not later than the time of trial.

# INTERROGATORIES

1. State your full name, (and any other names by which you have been known), all residence addresses you have had in the past ten (10) years, your social security number and your date of birth.

ANSWER:

2. List the number and state of issuance of any and all driver's licenses ever held by or issued to you, including but not limited to your current driver's license, and for each such license, describe any and all restrictions, limitations, suspensions and/or revocations ever issued or applied thereto.

ANSWER:

3. Identify by name, last known residence address, telephone number and employer, all individuals to whom you have ever been married, including but not limited to your current spouse, and state the date and location of each marriage, the reason for the termination of any marriages, the date, style, court and docket number of all suits for divorce, and the identity by name, date of birth and current residence address any and all of your parents, brothers, sisters, nieces and nephews that reside in Hamilton County, Tennessee.

ANSWER:

4. Have you ever received examination or treatment of any sort, whether medical, psychological, or group therapy support, (for example, Alcoholics Anonymous, Al-Anon) for alcoholism or any alcohol-related illnesses or behavioral problems suffered by you? If so, identify each and every course of examination and treatment by the recipient of said examination or treatment, the name, address and telephone number of the health care provider, date of examination and/or treatment, type of examination and/or treatment, reason for seeking treatment, and reason for discharge from or cessation of treatment.

ANSWER:



5. Have you ever been charged with or convicted or any crime? If so, identify the date, place, arresting agency (for example, Chattanooga Police Department), identify the charges made against you, the court which handled each charge and the docket number of each case and describe the outcome or sentence for each charge.

ANSWER:



6. Have you ever been a party to any litigation other than those described in response to Interrogatory No's 3 or 6 above, whether criminal or civil, as plaintiff or defendant? If so, for each such litigation, state the style of the case, the jurisdiction and court in which it was filed, the date it was filed, describe the nature of the lawsuit, your involvement in it, and its outcome.

ANSWER:

7. During the twenty-four (24) hour period immediately preceding the motor vehicle collision in which you were involved, had you consumed any alcohol and/or drugs or medications including insulin (whether prescription, over-the-counter, legal or illegal)? If so, for each and every such drink, drug and medication, state the name of the substance consumed, the dosage or amount consumed, the place and times at or within which consumed, the reasons for the consumption, the physical effects of the consumption, and the identity by name, address and telephone number of all people who witnessed said consumption and all prescribing physicians.

ANSWER:

8. Describe in as much detail as possible any and all field sobriety tests and/or Blood Alcohol Tests (whether breathalyzer, blood or urine test) administered to you during the eight (8) hours immediately following this wreck, including but not limited to, who administered the test, how, where and when it was administered, the results of each such test, and if you dispute the results of any such test, your reasons therefor.

ANSWER:

9. Describe any and all mechanical problems you were experiencing with your vehicle at the time of and immediately before this collision.

ANSWER:

10. Describe all prior and subsequent motor vehicle collisions in which you have been involved as a driver, including date and place of occurrence, name of all other drivers involved, the identity of any investigating agency or police department, and a brief description of how the wreck happened.

ANSWER:

11. Describe any and all physical or mental conditions you had which were affecting your driving in any way at the time of this wreck and the time of onset of any such condition.

ANSWER:

12. Describe the damage done to the automobile you were driving at the time of this wreck, and state whether said damage was repaired, if so, by whom and at what cost, and if not, why not.

ANSWER:

13. Were you the owner of the vehicle you were driving at the time of this wreck? If so, please state the date you purchased your vehicle as well as the identity of the person or entity from which you purchased this vehicle. Provided you were not the sole owner of the automobile you were driving at the time of the wreck, please identify the name, address and telephone number of the owner or co-owner of this vehicle other than yourself and your relationship to the owner(s) and whether you had permission to drive the vehicle at the time of the wreck.

ANSWER:

14. Do you claim that the plaintiff is at fault, wholly or partially, for this wreck? If so, state the name, address, and general description of the alleged negligent third parties and the basis for your allegation(s) as well as identify any evidence which you have which supports your allegation(s) of third party negligence.

ANSWER:

15. Do you claim that any third parties are at fault, wholly or partially, for this wreck? If so, state the name, address, and general description of the alleged negligent third parties and the basis for your allegation(s) as well as identify any evidence which you have which supports your allegation(s) of third party negligence.

ANSWER:

16. List the name, address, business address and telephone number of all persons with knowledge that might lead to discoverable information regarding the incident described in the complaint.

ANSWER:

17. Please state the names, addresses, telephone numbers, place of employment, job titles or capacities, and present whereabouts of all agents, servants, employees, representatives, private investigators or others who made any investigation of the events complained of in this case on your behalf.

ANSWER:

18. Please identify all evidence which you allege supports a defense that plaintiff or a third party was guilty of any comparative fault. If none exists, please so state.

ANSWER:

19. Identify by name, address, telephone number and place of employment, each and

every witness who was present at the scene of the wreck at or near the time of the collision.

ANSWER:

20. Identify the type of cell phone, carrier, number, and type of phone plan on the date of wreck.

ANSWER:

Respectfully submitted,

**MASSEY & ASSOCIATES, PC**

By_____

Danny R. Ellis BPR No.: 20747
1024 E ML King Blvd
Chattanooga, TN 37403
Phone: (423) 697-4529
Fax: (423) 634-8886
Attorney for Plaintiff

# VERIFICATION PAGE

**Sharron Smith**

STATE OF TENNESSEE    )
COUNTY OF HAMILTON   )

Sharron Smith, personally appeared before me this _____, day of

_____, _____, the above party, to me personally known, who being first duly

sworn according to the law, made oath that the answers to the foregoing interrogatories are true

and correct to the best of his/her knowledge, information and belief.

NOTARY PUBLIC

My Commission Expires:_____

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Sharron Smith
Via Summons & Complaint

This 31st day of ___October___, 2014 .

MASSEY & ASSOCIATES, PC

By: _____
Danny R. Ellis

# IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14 C 1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | **JURY DEMANDED** |
| | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO
## DEFENDANT SHARRON SMITH

TO:     Sharron Smith
         Via the summons and complaint

Come now the plaintiffs by and through counsel, and pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure, propounds the following Requests for Production to be answered within the time allowed by law.

These Requests for Production shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the plaintiffs within fifteen (15) days from receipt of such additional information, but not later than the time of trial.

## REQUEST FOR PRODUCTION

1. Any and all documents which you identified in the preceding interrogatories, and please indicate for each document to which interrogatory it relates.

RESPONSE:


2. Copies of any reports, records or other documents from any hospitals, doctors, or other healthcare providers concerning any examinations or treatment of the plaintiff prior to or after the date of the collision which is the subject of this lawsuit.

RESPONSE:


3. Copy of any damage appraisal and/or repair invoice made of any of the vehicles involved in the collision which is the subject of this lawsuit.

RESPONSE:


4. Copies of any and all statements previously made or adopted by plaintiff concerning the subject matter of this lawsuit.

RESPONSE:


5. Any and all photographs, drawings, maps or sketches, of the scene of the collision or of the vehicles involved in the collision which is the subject of this lawsuit.

RESPONSE:

6. A copy of any surveillance movies or photographs which have been made of plaintiff.

RESPONSE:


7. Please produce a complete copy of all insurance policies (including declarations

pages, policy forms, insurance a applications and all applicable endorsements) issued by each

and every insurance company (including primary, secondary, excess or umbrella insurers) which

may be called upon to pay any judgment or settlement in this case.

RESPONSE:




Respectfully submitted,

MASSEY & ASSOCIATES, PC

By_____
   Danny R. Ellis BPR No.: 20747
   1024 E ML King Blvd
   Chattanooga, TN 37403
   Phone:  (423) 697-4529
   Fax:     (423) 634-8886
   Attorney for Plaintiff

# VERIFICATION PAGE

**Sharron Smith**

STATE OF TENNESSEE   )
COUNTY OF HAMILTON   )


       Sharron Smith personally appeared before me this _____, day of

_____, _____, the above party, to me personally known, who being first duly

sworn according to the law, made oath that the answers to the foregoing interrogatories are true

and correct to the best of his/her knowledge, information and belief.



_____

NOTARY PUBLIC

My Commission Expires:_____

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Sharron Smith
Via Summons & Complaint

This 31 day of October , 2014 .

MASSEY & ASSOCIATES, PC

By: _____
Danny R. Ellis

## IN THE COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| Brandon L. Farrow, | * | |
| | * | |
| Plaintiff, | * | Docket No. 14C 1291 |
| | * | |
| vs | * | |
| | * | Division: |
| Sharron Smith and Liberty Mutual Group, | * | |
| Inc d/b/a Liberty Mutual Insurance, | * | JURY DEMANDED |
| | * | |
| Defendants. | * | |
| | * | |

### PLAINTIFF'S FIRST SET OF EXPERT INTERROGATORIES
### TO DEFENDANT SHARRON SMITH

TO:    Sharron Smith
       Via the summons and complaint

Come now the plaintiffs by and through counsel, and pursuant to Rules 26, 33 and 34 of the <u>Tennessee Rules of Civil Procedure,</u> propounds the following Expert Interrogatories to be answered within the time allowed by law.

These Expert Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the plaintiffs within fifteen (15) days from receipt of such additional information, but not later than the time of trial.

### EXPERT INTERROGATORIES

1.     Please identify each person whom you expect to call as an expert witness at the trial in this matter.

RESPONSE:

2.       Please state the subject matter on which the expert is expected to testify.

RESPONSE:

3.       Please state the substance of the facts and opinions to which the expert is expected to testify.

RESPONSE:

4.       Please state a summary of the grounds for each opinion the expert is expected to testify.

RESPONSE:

5.       For each expert please list all information provided to or accessed by each individual expert.

RESPONSE:

Respectfully submitted,

MASSEY & ASSOCIATES, PC

By

Danny R. Ellis BPR No.: 20747
1024 E ML King Blvd
Chattanooga, TN 37403
Phone: (423) 697-4529
Fax:    (423) 634-8886
Attorney for Plaintiff

# VERIFICATION PAGE

**Sharron Smith**
_____

STATE OF TENNESSEE     )
COUNTY OF HAMILTON )


Sharron Smith personally appeared before me this _____, day of

_____, _____, the above party, to me personally known, who being first duly

sworn according to the law, made oath that the answers to the foregoing interrogatories are true

and correct to the best of his/her knowledge, information and belief.


_____
NOTARY PUBLIC

My Commission Expires:_____

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on the following persons on the day written below:

Sharron Smith
Via Summons & Complaint

This 31ˢᵗ day of October , 2014 .

**MASSEY & ASSOCIATES, PC**

By: _____
Danny R. Ellis

Service of Process
Dept. of Commerce & Insurance
500 James Robertson Pkwy.-7th Floor
Nashville TN 37243



CERTIFIED MAIL™

7012 3460 0002 8945 7468

FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
$ 09.08⁰
0 2 1M
0004292626          NOV 07 2014
MAILED FROM ZIP CODE 37243

7012 3460 0002 8945 7468          11/06/2014
LIBERTY MUTUAL INSURANCE COMPANY
2908 POSTON AVENUE,  % C S C
NASHVILLE, TN  37203