UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BRANDON L. FARROW, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:14-cv-348 |
| v. ) | |
| ) | Judge Mattice |
| SHARRON SMITH, and LIBERTY ) | |
| MUTUAL GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## **ORDER**

Before the Court are Motions to Dismiss filed by Defendants Sharron Smith (Doc. 4) and Liberty Mutual General Insurance Company (Doc. 8). For the reasons discussed herein, the Motions to Dismiss (Docs. 4, 8) will be **GRANTED**.

### **I. BACKGROUND**

On October 31, 2014, Plaintiff instituted an action against Defendants Sharron Smith and Liberty Mutual General Insurance Company ("Liberty") in Tennessee state court. (Doc. 1-1 at 7-12). In his Complaint, Plaintiff alleges that Smith drove a 1998 Nissan Sentra that was insured by Liberty. (*Id.* at 7). On August 28, 2013, Smith rear-ended another vehicle while driving her Sentra; the force of that collision then "propelled that vehicle forward into the rear [of Plaintiff's] car." (*Id.*). Plaintiff alleges that the accident has caused him "severe bodily injuries including a low back pain with a herniated disc," as well as mental pain and suffering and loss of enjoyment of life. (*Id.* at 10).

Plaintiff asserts a claim against Smith for negligence under Tennessee common law, as well as claims for negligence *per se* based on Smith's purported violations of various Tennessee statutes. (*Id.* at 8-9). Plaintiff thereafter alleges the following:

> [Plaintiff] spoke with employees of Defendant Liberty regarding the crash and [his] harms and losses. On several occasions, the employees of Defendant Liberty assured that compensation was in the mail to compensate [Plaintiff] for his lost income and bodily injuries. When the money did not show, [Plaintiff] would call back to Defendant Liberty. Defendant Liberty repeatedly informed [Plaintiff] that that claim was being adjusted and money was being sent to him directly.
>
> [Plaintiff] was requested to submit lost wage information, treatment information and medical costs to Defendant Liberty. These requests continued after August 23, 2014. In addition, Defendant Liberty engaged in a pattern and practice to lead [Plaintiff to believe] that the claim was being handled and would be resolved past the statute of limitations date. After August 23, 2014, once the statute of limitations had run, Defendant Liberty informed [Plaintiff] that the claim would not be paid. Defendant Liberty engaged in fraud and bad faith practices to lure [Plaintiff] into not pursuing a claim by filing a lawsuit until after the statute of limitations ran.
>
> . . .
>
> Defendant Smith purchased insurance from Defendant Liberty to provide coverage for Defendant Smith's negligent acts. Defendant Liberty became the agent of Defendant Smith so any acts committed by Defendant Liberty or its employees are attributable to Defendant Smith. [Plaintiff] should be able to pursue his lawsuit *against Defendant Smith* through the doctrine of estoppel, fraud and bad faith.

(*Id.* at 10-11) (emphasis added). He requests compensation in the amount of $500,000.00 for "Defendant's negligence and any penalties associated with bad faith as a result of Defendant Liberty's actions." (*Id.* at 10).

Defendants removed the action to this Court on December 5, 2014.[1] (Doc. 1). Thereafter, each Defendant filed its own Motion to Dismiss the Complaint. (Docs. 4, 8).

---

[1] There does not appear to be any dispute that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Plaintiff has responded in opposition, and Defendants have filed their replies. (Docs. 10-12). These matters are now ripe for the Court's review.

## II. MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure provide, in relevant part, that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). While Rule 8(a) does not require plaintiffs to set forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). At a minimum, Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – that is, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 556 n.3 (2007). A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is thus not a challenge to the plaintiff's factual allegations, but rather, is a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *Twombly*, 550 U.S. at

3

570 (holding that a complaint is subject to dismissal where plaintiffs failed to "nudg[e] their claims across the line from conceivable to plausible"). Although the Court must take all of the factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678; *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

#### A. Defendant Smith

In her Motion to Dismiss, Smith argues that Plaintiff's claims against her are subject to dismissal as they were filed outside the applicable statute of limitations. (Docs. 4-5). It is undisputed that the statute of limitations for Plaintiff's claims against Smith for negligence and negligence *per se* is one year. *See* Tenn. Code Ann. § 28-3-104(a)(1) (providing a one-year statute of limitations for personal injury claims). Plaintiff concedes that his action was not filed within one year of the date of the accident and that his negligence claims are thus untimely under the statute of limitations; nonetheless, Plaintiff argues that the doctrine of equitable estoppel should be applied to toll the limitations period.

"The doctrine of equitable estoppel arises from the equitable maxim that no person may take advantage of his or her own wrong." *Redwing v. Catholic Bishop for*

4

*Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). In Tennessee, the doctrine of equitable estoppel may toll the running of the statute of limitations "when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period." *Id.*

The party invoking the doctrine of equitable estoppel bears the burden of proof; he "must demonstrate that the defendant induced him . . . to put off filing suit by identifying specific promises, inducements, suggestions, representations, assurances, or other similar conduct by the defendant that the defendant knew, or reasonably should have known, would induce the plaintiff to delay filing suit." *Id.*; *see also Hardcastle v. Harris*, 170 S.W.3d 67, 85 (Tenn. Ct. App. 2004) (noting that the main inquiry of the equitable estoppel analysis "is on the defendant's conduct and the reasonableness of the plaintiff's reliance on that conduct."). "Determining whether to invoke the doctrine of equitable estoppel to counter a statute of limitations defense requires the courts to examine the facts and circumstances of the case to determine whether the defendant's conduct is sufficiently unfair or misleading to outweigh the public policy favoring the enforcement of statutes of limitations." *Id.* at 461 (citing *Hardcastle*, 170 S.W.3d at 85). Tennessee courts have previously invoked the doctrine to prevent a defendant from asserting a statute of limitations defense when "defendant promises to pay or otherwise satisfy the plaintiff's claim without requiring the plaintiff to file suit . . . ." *Id.* at 460-61; *Brick Church Transmission, Inc. v. Southern Pilot Ins. Co.*, 140 S.W.3d 324, 335 (Tenn. Ct. App. 2003) (citing *Sparks v. Metro. Gov't of Nashville & Davidson Cnty.*, 771 S.W.2d 430, 433 (Tenn. Ct. App. 1989)).

In this case, Plaintiff has not demonstrated, or even alleged, that Smith engaged in any wrongdoing or otherwise misled Plaintiff into failing to file his claims in a timely

5

manner. Indeed, as Smith rightly points out, Plaintiff's Complaint does not contain any allegations regarding any actions by or communications with Smith after August 28, 2013, the date of the car accident. Plaintiff apparently concedes that Smith took no independent actions to mislead him or otherwise induce him to not file suit against her.

Plaintiff nonetheless argues that Smith should be bound by the wrongdoing of Liberty because she was the "principal" of her insurance carrier who acted as her "agent" in dealing with Plaintiff. (Doc. 10 at 3). He asserts that "[c]ar insurance's nature implies a princip[al]/agent relationship" because "[a]n individual contracts with a company to act on its behalf to handle if a claim is made." (*Id.*). He then argues that, because Liberty's promises to pay were "within its scope of adjusting a claim," Liberty was acting as Smith's agent; accordingly, he argues that the alleged bad faith promises to pay by the insurance company must be attributed to Smith herself for purposes of the equitable tolling analysis. (*Id.*).

Plaintiff's argument is, however, fatally defective. In support, Plaintiff has relied only upon the definition of agency from the Tennessee Pattern Jury Instructions, which provides that "[a] person who is authorized to act for another person or in place of another person is an agent of that person." (*Id.*) (citing Tenn. Pattern Jury Instr. 12.01 (2014)). Although this definition is a correct one for agency "[i]n its broadest sense," in relying solely upon it to reach his position, Plaintiff has ignored fundamental principles of agency law. *See White v. Revco Disc. Drugs Ctrs., Inc.*, 35 S.W.3d 713, 723 (Tenn. 2000). Specifically, and most importantly for the Court's instant analysis, Plaintiff has failed to address (or even acknowledge) one of the core components of an agency relationship – the right of the principal to *control* the agent. The Tennessee Supreme Court has held that the analysis of an agency relationship "hinges on the right to control

6

the agent's actions, and, ultimately, the fact of actual control over the agent." *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 653 (Tenn. 2009) (internal citations omitted). Plaintiff has not alleged that Smith had either actual control over Liberty's handling of her claim or the right to control Liberty's actions with respect to the claim. Further, Plaintiff has cited no authority from Tennessee or any other jurisdiction suggesting that an insurer and an insured enjoy an agency relationship, and the Court's own research reveals no such authority. The Court finds, based on the lack of authority supporting Plaintiff's position and the Court's experience and knowledge concerning car insurance contracts and claim processing, that Smith was not Liberty's "principal" and that Liberty was not Smith's "agent" in interacting with Plaintiff.

Without such an agency relationship, Plaintiff cannot establish that Liberty's alleged fraudulent or bad faith promises to pay are attributable to Smith. Because Liberty's acts cannot be considered to be acts of Smith herself, and because Plaintiff has conceded that Smith took no independent actions to deceive Plaintiff or otherwise persuade him not to file suit, Plaintiff has not met his burden of proving that Smith should be barred from pursuing her valid statute of limitations defense. The Court thus finds that application of the doctrine of equitable estoppel is not warranted as to Plaintiff's claims against Smith and that those claims, which were admittedly filed after the one-year statute of limitations, are subject to dismissal. Accordingly, Smith's Motion to Dismiss (Doc. 4) will be **GRANTED**.

## B. Defendant Liberty

Defendant Liberty raises two arguments in its Motion to Dismiss: (1) that it should be dismissed from this action because Tennessee is not a "direct action" state, and Plaintiff thus cannot recover damages arising from his car accident directly from

7

Smith's insurer; and (2) that Plaintiff fails to state a plausible claim for relief against Liberty. (Doc. 9 at 3-5). Liberty's first argument can be easily rejected, as Plaintiff concedes in response that he is not pursuing a "direct action" against Liberty for personal injury. (Doc. 10 at 3).

Instead, Plaintiff states that he has pled "several causes of action" against Liberty, which he claims it did "not contest" in its Motion to Dismiss. (*Id.*). However, Plaintiff fails to specifically identify those causes of action, either in his Complaint or his response brief. Plaintiff's Complaint makes several vague references to "fraud" and "bad faith" with respect to Liberty. However, he does so only to the extent necessary to set forth his argument that the doctrine of equitable estoppel should be applied to save his untimely claims against Smith. (Doc. 1-1 at 10-11) ("[Plaintiff] should be able to pursue his lawsuit *against Defendant Smith* through the doctrine of estoppel, fraud and bad faith.") (emphasis added). His Complaint falls short of identifying even one specific causes of action that he intends to pursue against Liberty, and his response in opposition to Liberty's instant Motion lends no further clarity. Simply put, Plaintiff's Complaint fails to meet the basic notice pleadings standards of Rule 8, let alone the *Iqbal* and *Twombly* plausibility standards. Accordingly, Defendant Liberty's Motion to Dismiss Plaintiff's Complaint for failure to state a claim (Doc. 8) will be **GRANTED**.

## IV. CONCLUSION

Accordingly, the Motions to Dismiss (Docs. 4, 8) are hereby **GRANTED**. Plaintiff's claims against Defendant Smith are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Defendant Liberty are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 8th day of July, 2015.

                                               */s/ Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE